UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>        v.<br>ARRINGTON DEWAYNE GREEN,<br>    Defendant. | Case No. 08-cr-00045-PJH-1<br><br>**ORDER DENYING MOTION TO STAY**<br>Re: Dkt. No. 28 |

The government has filed a motion to stay the motion of defendant Arrington Dewayne Green to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 under the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government seeks a stay of the § 2255 motion on the ground that the Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, which presents issues raised in defendant's § 2255 motion in light of the holding of *Johnson,* where the Court held unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). The ACCA residual clause invalidated in *Johnson* is identical to the residual clause of the definition of "crime of violence" in the career offender guidelines, U.S.S.G. § 4B1.2(a)(2). The Supreme Court granted certiorari review in *Beckles* on the questions whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2), and whether *Johnson*'s constitutional

holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review.

The government represents that *Beckles* will likely decide the application of *Johnson* to the Guidelines and the retroactivity question presented in defendant's § 2255 motion. Doc. no. 28. Defendant promptly filed an opposition to the motion to stay, emphasizing that he would be prejudiced by a stay of his § 2255 motion because if he is granted relief on his *Johnson* claim, he could be resentenced to time served. Doc. no. 29. He was sentenced on July 11, 2008, to 144 months imprisonment for a conviction on two counts of distribution of cocaine base. Without the career offender enhancement, he contends that his guideline range would have been 77-96 months. He argues that even with a high-end corrected guideline sentence of 96 months, he is overserving his custodial term.

In support of his opposition to the stay, defendant cites *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000), where the Ninth Circuit held that the district court abused its discretion by staying a habeas petition pending resolution of an appeal in a case before the Ninth Circuit presenting similar issues to be decided, *Ma v. Reno*, 208 F.3d 815 (9th Cir. 2000), *vacated by Zadvydas v. Davis*, 533 U.S. 678 (2001). In reviewing the stay order, the Ninth Circuit noted that "because the stay terminates upon the 'resolution of the [*Ma*] appeal,' if the Supreme Court should grant certiorari to review this court's decision in *Ma*, the stay could remain in effect for a lengthy period of time, perhaps for years if our decision in Ma is reversed and the case is remanded for further proceedings." *Id.* at 1119. The court in *Yong* reasoned that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy," and held that "although considerations of judicial economy are appropriate, they cannot justify the indefinite, and potentially lengthy, stay imposed here." *Id.* at 1120-21. To support his argument that a stay pending *Beckles* is not warranted, defendant filed a supplemental brief on August 3, 2016, indicating that the Ninth Circuit lifted the stays previously entered in *Gardner v. United States*, No. 15-72559

1   and *Jacob v. United States*, No. 15-73302 (9th Cir. Aug. 1, 2016), which the government
2   cited in support of the instant motion to stay.
3         The court carefully considers whether a stay pending resolution of *Beckles* is likely
4   to be resolved without inordinate delay because of the court's duty to adjudicate habeas
5   petitions in a timely manner.  *Yong*, 208 F.3d at 1119-20.  Because a decision in *Beckles*
6   is expected within a year, the government does not seek an indefinite stay.  Unlike the
7   appeal at issue in *Yong* which was subject to further review, the Supreme Court is likely
8   to decide conclusively the question presented in *Beckles* whether *Johnson* applies
9   retroactively to collateral challenges to sentence enhancements applied under the
10  residual clause of the guidelines.  Staying these proceedings pending a decision by the
11  Supreme Court on this threshold question could, however, result in prejudicial delay to
12  defendant, who seeks a reduced term of imprisonment that may be exceeded by time
13  served.  Under these circumstances, considerations of judicial economy are outweighed
14  by the potential prejudice to defendant, and a stay is not warranted.
15        Accordingly, the government's motion to stay the § 2255 motion is DENIED.
16  **IT IS SO ORDERED.**
17  Dated:  August 10, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

3